# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEFFREY L. MCCUTCHEON,**

    Petitioner,

                                              Civil No: 08-CV-11095
                                              Honorable Lawrence P. Zatkoff
                                              Magistrate R. Steven Whalen

v.

**JEFF WOODS**,

    Respondent.

_____/

## OPINION & ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

This matter is before the Court on Petitioner Jeffrey McCutcheon's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is currently an inmate at Kinross Correctional Facility in Kincheloe, Michigan, and is challenging his conviction of first-degree murder, Mich. Comp. Laws §750.316, and mutilation of a dead body, Mich. Comp. Laws §750.160. He was sentenced to life imprisonment for the first-degree murder conviction and 4¾ to 10 years imprisonment for the mutilation of a dead body conviction. Petitioner's sole habeas claim is that his Fourth Amendment rights were violated when he was coerced by two police officers into giving them permission to search his vehicle. For the reasons that follow, the Court will dismiss the petition.

### I. STANDARD

#### A.

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed

to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

**B.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d). Therefore, the federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1); see also *Cremens v. Chapleau,* 62 F.3d 167, 169 (6th Cir. 1995)("We give complete deference to state court findings unless they are clearly erroneous").

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the

2

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law objectively unreasonable." *Id.* at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

## II. BACKGROUND

Petitioner does not discuss the circumstances giving rise to his conviction, but rather sets forth the facts giving rise to being pulled over by the police, which led to the search of his vehicle and the discovery of inculpatory evidence. Relative to this search, Petitioner's trial counsel filed a motion to suppress the evidence obtained as a result of the search of Petitioner's vehicle. The trial court conducted an evidentiary hearing regarding the search of Petitioner's vehicle and the seizure of incriminating evidence. (Pet. at 8). Petitioner states as follows:

> On June 3, 2004, an evidentiary hearing was held addressing the legality of the detention and the length thereof, and whether consent was given to search. The trial court ruled "the court disagrees with the contention of the defense that the time period involved was unreasonable." (Evidentiary Transcripts, p. 46). The trial court further opined "[i]t's clear to the court that there was a valid consent. In fact, the defense concedes that there was consent, but argues that the length of time was inappropriate and I guess at some point the stop and the activity of the police officers were inappropriate given the length of time." (Evidentiary Trans. at 47).

*Id.* (transcript references in original). The issue was also raised in Petitioner's appeal of right filed with the Michigan Court of Appeals. The appellate court stated as follows:

> Defendant next argues that the trial court erred when it denied his motion to suppress

3

the evidence obtained as a result of the search of defendant's vehicle. Defendant contends that the search of his vehicle violated his right to be free of unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1 §11. We disagree. We review for clear error a trial court's findings of fact at a motion to suppress evidence, but we review the ultimate decision de novo. *People v. Bolduc,* 263 Mich. App. 430, 436; 688 NW2d 316 (2004).

"Under certain circumstances, a police officer may approach and temporarily detain a person for the purpose of investigating possible criminal behavior even though there is no probable cause to support an arrest." *People v. Jenkins,* 472 Mich 26, 32; 691 NW2d 759 (2005). Such a detention requires "a reasonably articulable suspicion that criminal activity is afoot," based on an analysis of the totality of the facts an circumstances" and "commonsense judgments and inference about human behavior." *Id.* Defendant impliedly concedes that the police reasonably approached his car on the side of the road with its hazard lights activated during a cold and stormy night in a high-crime area. The police were justified in administering sobriety tests when they smelled alcohol and when defendant admitted that he consumed half a pint of liquor. *People v. Rizzo,* 243 Mich. App 151, 158-159; 622 NW2d 319 (2000). Defendant passed the tests, and a LIEN search showed that defendant had no outstanding warrants and that the vehicle was registered to him. At that point, the police could no longer detain defendant because their suspicions had been dispelled. *Id.,* 156.

However, defendant consented to their subsequent search of his vehicle. Consent, if freely and voluntarily given, is an independent exception to the warrant requirement. *Bolduc, supra* at 440. The officer who conducted the search confirmed defendant's permission twice, and defendant neither limited nor revoked that grant of permission. "An investigatory stop . . . is not so inherently coercive that it renders involuntary consent given during the stop." *People v. Williams,* 472 Mich 308, 318; 696 NW2d 636 (2005). Defendant asserts no other evidence tending to show that he was coerced into giving consent. We find no clear error in the trial court's finding that the consent was valid.

*People v. McCutcheon,* 2005 WL 3077151, *2 (Mich. Ct. App. November 17, 2005)(per curiam).

Petitioner again raised the search and seizure issue before the Michigan Supreme Court and relief was likewise denied. *People v. McCutcheon,* 474 Mich. 1096; 711 N.W.2d 372 (Table) (Mich. March 27, 2006).

## III. DISCUSSION

Petitioner claims that he is entitled to habeas relief based upon an alleged violation of the Fourth Amendment (i.e., illegal search and seizure). Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell,* 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal search and seizure in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) quoting *Riley v. Gray,* 674 F.2d 522 (6th Cir. 1982).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. See e.g., *People v. Ferguson,* 376 Mich. 90, 93-94 (1965)(motion to suppress); *People v. Harris,* 95 Mich. App. 507, 509 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claim. Petitioner makes no claim that the search and seizure issue was not fully and fairly litigated. Given the record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Indeed, his motion to suppress was considered and denied by the trial court, and the trial court's decision was reviewed by the Michigan Court of Appeals and by the Michigan Supreme Court. Because Petitioner had an opportunity, albeit an unsuccessful one, to raise (and did raise) the Fourth Amendment claim in state court, this Court cannot consider the claim on habeas review.

5

## IV. CONCLUSION

Accordingly, any claim concerning the validity of the search and seizure in this case is not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief therefore is not warranted on this claim.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1]** is **DISMISSED WITH PREJUDICE.**

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: June 30, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 30, 2008.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290