**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JEFFREY L. McCUTCHEON,**

**Petitioner,** **Civil No: 08-CV-11095**
**Honorable Lawrence P. Zatkoff**

**v.**

**JEFF WOODS**,

**Respondent.**
**________________________________________/**

**ORDER DENYING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND REHEARING AND RECONSIDERATION CERTIFICATE OF APPEALABILITY and MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

This matter is before the Court on Petitioner Jeffrey McCutcheon's: (1) Motion to Amend Petition for Writ of Habeas Corpus and Motion for Rehearing and Reconsideration (Docket #4), (2) Motion for Certificate of Appealability (Docket #5), and (3) Motion for Leave to Proceed in Forma Pauperis (Docket #8). For the reasons set forth below, all three motions are DENIED.

## I. BACKGROUND

On June 30, 2008, the Court entered an Opinion and Order summarily dismissing Petitioner's petition for writ of habeas corpus because (a) Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim, *see e.g.*, *People v. Ferguson,* 376 Mich. 90, 93-94 (1965)(motion to suppress); *People v. Harris,* 95 Mich. App. 507, 509 (1980), and (b) Petitioner did not make a showing that a failure of that procedural mechanism prevented him from litigating his claim. Further, the Court concluded that, because Petitioner had an opportunity, albeit an unsuccessful one, to raise (and Petitioner did raise) the

Fourth Amendment claim in state court, this Court could not consider the claim on habeas review.

## II. ANALYSIS

### A. Amend Petition/Rehearing and Reconsideration

Petitioner requests that he be allowed to amend his petition for habeas corpus because, in essence, he deficiently prepared the initial petition (after consulting with other prisoners about how to do so). Petitioner desires to add three issues he claims were raised in his appeal of right before the Michigan state courts: (1) evidence at trial was insufficient to convict him of first-degree murder; (2) continued detention of Petitioner was not supported by reasonable suspicion of criminal activity but rather fraud by the police such that evidence seized was inadmissible; and (3) he had ineffective assistance of counsel.

The Court finds that Petitioner has not set forth good cause for allowing Petitioner to amend his petition. First, in preparing his habeas petition, Petitioner listed all three issues when identifying the claims he had presented to the state courts on direct appeal. As such, he was aware of claims (1) and (3), even though he did not include them in his habeas petition. Further, as all three claims before the state courts were listed in the habeas petition, the Court does not find acceptable or justifiable Petitioner's statements that he faced adverse circumstances in preparing his petition, simply because he is not trained in the law or that the other prisoners who helped him were not trained in the law.

Second, although not set forth as a reason for dismissing Petitioner's habeas petition, the Court finds that Petitioner's claims are untimely for purposes of obtaining habeas review. Pursuant to applicable law, Petitioner was required to file his habeas petition within the one year period

following certain events. *See* 28 U.S.C. § 2244(d)(1)(D). In this case, the latest relevant event was the date upon which Petitioner's state court appeal was final. The Michigan Supreme Court denied Petitioner's appeal on March 27, 2006, but Petitioner did not file his habeas action until March 13, 2008, almost two years later. Accordingly, Petitioner's habeas petition was and is time barred, and it would be pointless for the Court to allow Petitioner to amend his habeas petition to add another two claims.

For the same reasons set forth in the preceding paragraph, the Court rejects Petitioner's request for rehearing or reconsideration of the June 30, 2008, Opinion and Order.[1]

**B. Certificate of Appealability**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

---

[1]The Court also notes that Petitioner has not (1) demonstrated a palpable defect by which the court and the parties have been misled; or (2) demonstrated that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.6) 2004; *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. Having considered the matter, the Court concludes (1) Petitioner has failed to make a substantial showing of the denial of a constitutional right, and (2) a certificate of appealability is not warranted in this case.

### C. In Forma Pauperis

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster*, 208 F. Supp. 2d at 764 (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). For the reasons set forth above, the Court finds that the issues presented by Petitioner's appeal are frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999); *See* Fed. R. App. P. 24(a). Accordingly, Petitioner's Motion for Leave to Proceed in Forma Pauperis on appeal is DENIED.

## III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Petitioner's: (1) Motion to Amend Petition for Writ of Habeas Corpus and Motion for Rehearing and Reconsideration, (2) Motion for Certificate of Appealability, and (3) Motion for Leave to Proceed in Forma Pauperis.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 7, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290